UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 18, 2015

LETTER TO COUNSEL

      RE:    *Jenny Martin v. Commissioner, Social Security Administration*;
                Civil No. SAG-15-335

Dear Counsel:

On February 5, 2015, Plaintiff Jenny Martin petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 15). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both parties' motions and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Ms. Martin filed a claim for Disability Insurance Benefits ("DIB") in July 2010. (Tr. 257-58). She alleged a disability onset date in February 2010. *Id.* Her claim was denied initially and on reconsideration. (Tr. 137-46, 148-59, 186-90). A hearing was held on July 23, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 104-36). At the hearing, Ms. Martin amended her alleged onset date to July 17, 2011. (Tr. 107, 268). Following the hearing, an ALJ determined that Ms. Martin was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 162-79). The Appeals Council subsequently remanded the case back to an ALJ, (Tr. 180-84), and a second hearing was held on July 30, 2014. (Tr. 11). After the second hearing, the ALJ determined that Ms. Martin was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 11-23). The Appeals Council denied Ms. Martin's second request for review, (Tr. 1-6), so the ALJ's 2014 decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Martin suffered from the severe impairments of degenerative disc disease of the cervical spine; lupus; right shoulder impingement s/p surgery; left hip bursitis; coronary artery disease; an anxiety disorder; and an affective disorder. (Tr. 14). Despite these impairments, the ALJ determined that Ms. Martin retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except: the claimant can perform work activities that do not require climbing of ladders, ropes and scaffolds and tasks that do not require crawling. The claimant can perform all

> other postural activities on an occasional basis. The claimant can reach overhead and push and pull only occasionally with the right upper extremity. The claimant is unable to work in environments with excessive vibration or extreme cold or wet conditions. The claimant has the ability to perform work activities that do not expose her to unprotected heights or hazards such as dangerous, moving machinery. The claimant can handle, finger and/or feel objects frequently, but not constantly. The claimant has the residual functional capacity to perform unskilled work, (SVP1 level or SVP2 level), which requires only occasional interaction with the public and co-workers.

(Tr. 17). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Martin could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 22-23).

Ms. Martin raises two arguments on appeal. First, Ms. Martin argues that the ALJ's findings in the RFC assessment do not adequately account for her moderate limitation in concentration, persistence, and pace, pursuant to *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). Next, she argues that the ALJ erred because he assigned great weight to the opinion of a State agency consultant, but did not include all of the manipulative limitations opined by that consultant in his RFC assessment, and did not address conflicts in the evidence relating to her manipulative limitations. Only Ms. Martin's first argument warrants remand, as discussed below.

Turning to Ms. Martin's first argument, she contends that the ALJ's RFC assessment fails, under *Mascio*, to account for her moderate limitation in concentration, persistence, or pace. 780 F.3d 632. In *Mascio*, the Fourth Circuit determined that remand was appropriate for several reasons, including a discrepancy between the ALJ's finding at step three concerning the claimant's limitation in concentration, persistence, and pace, and his RFC assessment. *Id.* The ALJ's findings in the instant case present a similar discrepancy.

To understand why the ALJ's findings are insufficient under *Mascio*, some background is necessary. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et. seq.*, pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. Each listing therein,[1] consists of: (1) a brief statement describing its subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

---

[1] Listing 12.05, which pertains to intellectual disability, and Listing 12.09, which pertains to substance addiction disorders, do not follow this structure.

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1520a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* § 416.920a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with your ability to function." *Id.* § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* § 12.00(C)(3). Social Security regulations do not define marked limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations, however, offer little guidance on the meaning of "moderate" limitations in the area of concentration, persistence, or pace.

The RFC assessment is distinct, but not wholly independent, from the ALJ's application of the special technique at step three. In *Mascio*, the Fourth Circuit voiced its agreement with other circuits "that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." 780 F.3d at 638 (joining the Third, Seventh, Eighth, and Eleventh Circuits) (citation and internal quotation marks omitted). The Fourth Circuit explained that "the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* In so holding, however, the Fourth Circuit noted the possibility that an ALJ could offer an explanation regarding why a claimant's moderate limitation in concentration, persistence, or pace, at step three did not translate into a limitation in the claimant's RFC assessment, such that the apparent discrepancy would not constitute reversible error.

In this case, at step three, the ALJ found that Ms. Martin has a moderate limitation in concentration, persistence, or pace. Even so, the only mental limitations that the ALJ included in his RFC assessment were that Ms. Martin "has the residual functional capacity to perform unskilled work, (SVP1 level or SVP2 level), which requires only occasional interaction with the public and co-workers." (Tr. 16-17). In discussing the finding of a moderate limitation at step three, the ALJ stated that Ms. Martin's "anxiety and depression comb in (sic) with fatigue and pain to interfere with the claimant's ability to carry out complex or detailed tasks. However, there is no convincing evidence of an inability to remember, understand and carry out simple

tasks and instructions."[2] (Tr. 17). In the discussion of the RFC assessment, the ALJ noted that Ms. Martin received conservative treatment for a depressive disorder and a panic disorder, and that records from her primary care physician document moderate depression. However, the ALJ also noted treatment records indicating that Ms. Martin's memory was "fair" and her attention was "brief." (Tr. 31). Thus, the ALJ explicitly acknowledged evidence that Ms. Martin has difficulty maintaining concentration, persistence, or pace, but failed to include any limitations related to the limitation, without providing further explanation. This is exactly the type of conclusory discussion that the *Mascio* court held to be insufficient and to warrant remand. 780 F.3d at 638. On remand, the ALJ should make findings of any limitations that correspond to Ms. Martin's moderate limitation in concentration, persistence, and pace, or provide a discussion justifying the lack of corresponding limitations.

Ms. Martin next argues that the ALJ erred because he assigned great weight to the opinion of a State agency consultant, but did not include all of the manipulative limitations opined by the consultant in his RFC assessment. Pl. Mot. 7-9. Specifically, Ms. Martin contends that the ALJ improperly limited her to occasional overhead reaching with the right upper extremity, while the State agency opinion, to which he assigned great weight, found that she was limited to frequent reaching with the right upper extremity in front, laterally, and overhead. She also argues that the ALJ failed to resolved conflicts in the evidence relating to her manipulative limitations. With respect to medical opinions, Social Security regulations distinguish between giving an opinion controlling weight, and giving an opinion less than controlling weight. Controlling weight is only assigned to the opinions of treating sources when their opinions "on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [a claimant's] case record." 20 C.F.R. § 404.1527(c)(2). When an opinion is not given controlling weight, an ALJ is to consider the following factors when assigning weight to the opinion: (1) the length of the treatment relationship and its nature and extent; (2) the supportability of the opinion; (3) the opinion's consistency with the record as a whole; (4) whether the source is a specialist; and (5) any other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c).

In the instant case, Ms. Martin argues that the ALJ erred because he did not adopt the findings of the State agency consultant in their entirety, even though he assigned the opinion great weight. However, there is no requirement that an ALJ adopt an opinion in its entirety when the opinion is not given controlling weight. Rather, the ALJ is to analyze the opinion using the factors listed above, as the ALJ did here. Regarding the State agency opinion, the ALJ stated

---

[2] The ALJ's use of the functional area of "concentration, persistence, or pace" to address intellectual limitations is misplaced. Intellectual limitations, including the inability to perform complex tasks, do not fall neatly into any of the relevant categories of the paragraph B criteria in the listings for mental impairments, *see* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00 *et. seq.*, and it is therefore not uncommon for an ALJ to consider such limitations within a category where they may not truly belong. However, in this case, it is not readily apparent from the opinion that the ALJ merely mislabeled intellectual limitations, since there is evidence in the record, and in the ALJ's opinion, regarding Ms. Martin's ability to maintain concentration, persistence, or pace. Thus, remand is warranted.

that the opinion is "consistent with the limitations in lifting, carrying, pushing, reaching overhead and performing postural activities…." (Tr. 21). Thus, the ALJ acknowledged that the opinion was only consistent with respect to overhead reaching, but not to reaching in other directions. Elsewhere in the ALJ's RFC discussion, he stated that "[t]he claimant's testimony and the treatment/examination records confirm that the claimant's shoulder pain occurs with elevation of her arm and the residual functional capacity identified above incorporates limitations that adequately address the shoulder pain." (Tr. 20). Accordingly, the ALJ found that the record only supported a limitation in reaching overhead, but not in reaching other directions. This finding resolves the alleged conflict in the evidence regarding Ms. Martin's ability to reach in various directions. Importantly, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, I find that the ALJ supported his findings of manipulative limitations and the weight assigned to medical opinions with substantial evidence.

For the reasons set forth herein, Ms. Martin's Motion for Summary Judgment (ECF No. 14) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 15) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge